## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GIROLAMO F. MESSERI,
    Plaintiff,

v.

DAVID MOORHEAD PROF LLC, a Colorado limited liability company dba MOORHEAD LAW GROUP; and DAVID MOORHEAD, an individual.
    Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff, Girolamo F. Messeri ("Giro"), is a citizen of Italy. He previously lived in Taromina, Italy. He presently lives near Park City, Utah.

2. Defendant David Moorhead Prof LLC is a Colorado limited liability company. It does business as the Moorhead Law Group. Its principal place of business is located at 1650 38th Street, Suite 201E, Boulder, CO 80301.

3. Defendant David Moorhead is an attorney. He is licensed to practice law in Colorado. On information and belief, he is the principal and manager of the Moorhead Law Group and he resides in or near Boulder, Colorado. This Complaint refers to Moorhead and the Moorhead Law Group collectively as "Moorhead."

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) as a civil action between a citizen of Colorado and a citizen of Italy who is lawfully admittedly for permanent residence in the United States and who is not domiciled in Colorado, in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this district because all defendants reside in this district. 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

6. In August 2016, Giro arrived in Boulder, Colorado, to begin to study business at the University of Colorado, Boulder.

7. During the initial period of his time at C.U. Boulder, he had a consensual sexual encounter with a female C.U. Boulder student.

8. As a result of post-encounter regret or other motives, this female reported Giro to the C.U. Boulder police and to the C.U. Boulder administration as having committed sexual assault. After being subjected to C.U. disciplinary procedures that he believes were biased, assumed his guilt, and provided him with minimal, if any, due process, in November 2016, C.U. terminated his enrollment at C.U.

9. Giro returned to Italy in November 2016.

10. Moorhead advised Giro during his C.U. disciplinary proceedings and with respected to potential criminal charges that Boulder's District Attorney was considering bringing against Giro.

11. A central objective of Giro retention of Moorhead and of Moorhead's representation of Giro was to persuade Boulder's District Attorney to not pursue criminal charges against Giro.

12. David Zale is an attorney who is licensed to practice law in Colorado.

13. In approximately March 2013, and at all time relevant to this Complaint, Zale was employed by, affiliated with, and practice law with or through the Moorhead Law Group.

14. In March 2017, David Moorhead was generally unavailable to client because he was recovering from knee surgery.

15. On March 16, 2017, Zale informed Giro's father, Vincenzo Messeri, that "The district attorney is not proceeding with a criminal case against Giro, which is great news, and means that there is no further action being taken by any law enforcement agency." This email also asked Giro's father if he wanted to pay for obtaining police reports and other documents from the C.U. Boulder Police Department ("CUPD") related to the allegations against Giro (the "CUPD Documents"). Giro's father authorized Moorhead to obtain the CUPD Documents.

16. Nine days later, Zale informed Giro's father that he was "working on the police reports, I have emailed my investigator to get them. I will obtain them, send you a copy and send you a bill for that."

17. With the exception on th yellow e-highlighting, which is not original, Exhibit 1 truly and accurately reflect the content of the March 15, 2017, and March 25, 2017, emails between Zale and Giro's father.

18. Ian Burnett is the investigator that Moorhead (through Zale) contacted to obtain the CUPD Documents. On information and belief, Burnett has a long-standing professional relationship with Moorhead. At all times relevant to this Complaint, Burnett's principal place of business was located at 1100 Johnson Rd., Suite 16522, Golden, Colorado.

19. Burnett agreed to obtain the CUPD Documents Moorhead.

20. In April 2017, CUPD provided Burnett with the CUPD Documents.

21. In April 2017, Burnett obtained the CUPD Documents from the CUPD and provided the CUPD Documents to Moorhead.

22. Moorhead received the CUPD Documents in approximately April 2017.

23. Moorhead subsequently denied that it has ever received the CUPD Documents.

24. Moorhead did not provide Giro or Giro's father with the CUPD Documents.

25. In acting on behalf of Zale to obtain the CUPD Documents, Burnett acted as Moorhead's agent.

26. In January 2017, Boulder's District Attorney issued a warrant to arrest Giro (the "Warrant").

27. The CUPD Documents contained a copy of the Warrant.

28. Burnett's delivery of the CUPD Documents to Moorhead/Zale provided notice to Moorhead and Zale that Boulder's district attorney had issued the Warrant.

29. Regardless of whether the CUPD Documents provided Moorhead with Notice of the Warrant, because a central goal of Moorhead's representation of Giro was to persuade Boulder's District Attorney to not pursuie criminal charges against Giro, Moorhead had a duty to be aware of the Warrant and any decision to pursue criminal charges against Giro.

30. Moorhead did not notify Giro or Giro's father about the Warrant.

31. Zale's March 16, 2017, statement to Giro's father that Boulder's district attorney had decided to not pursue charges against Giro was false. The Warrant shows this.

32. Giro returned to the United States on approximately May 14, 2017.

33. When Giro re-entered the U.S., he was unaware of the Warrant.

34. When Giro re-entered the U.S., he was unaware that Boulder's district attorney had decided to bring charges against him.

35. If Giro had known about the Warrant before he re-entered the U.S., he would have negotiated a voluntarily surrender to authorities in Boulder, Colorado, and otherwise attempted to resolve the outstanding charges for which the Warrant sought his arrest.

36. Giro now lives and works near Park City, Utah.

37. On November 24, 2017, Giro was stopped for a routine traffic violation near Heber, Utah.

38. The Warrant caused Giro to be arrested as a part of this otherwise routine traffic stop. But for the Warrant, Giro would not have been arrested as part of this traffic stop.

39. From November 24, 2017, through December 26, 2017, Giro remained in law enforcement custody as he was transported from near Heber, Utah, back to Boulder, Colorado, to be arraigned.

40. During his over thirty days in law-enforcement custody, Giro was transported from the Wasatch County Jail to the Ogden, Utah, jail, to the Sweetwater, Wyoming, County Jail, to a jail in Cheyenne, Wyoming, and then to the Weld County, Colorado, Jail, before he arrived at the Boulder County Jail on December 22, 2017.

41. In August 2018, Boulder's district attorney dropped all charges against Giro.

42. Moorhead's failure to inform Giro of either the Warrant or the decision of Boulder's district attorney to pursue criminal charges against him proximately caused Giro—still college age—to lose his job; to have an arrest record that prevented him from re-acquiring this job once he was free; to be deprived of his liberty, freedom, and livelihood for over a month as he was subjected to a free "tour" of six different jails as he was transported from Heber, Utah, to Boulder, Colorado; and to suffer immense emotional distress and uncertainty, and permanent harm to his reputation.

43. In a court filing a week after Giro's arrest, Caryn A. Datz, the Chief Trial Deputy for the Boulder District Attorney stated that she was "not aware of any representation the District Attorney's Office that charges would not be filed in this case, nor

was she aware of Mr. Zale's representation of the Defendant at the time of the issuance of the warrant." [1]

44. Exhibit 2 s a true and accurate copy of the Boulder County District Court filing that contains the quotation from Ms. Datz in the immediately preceding paragraph.

---

[1] Peoples Resp. to Def.'s Demand for Bail to be Set Pursuant to C.R.S. § 16-4-102, Boulder County, Colo., Dist. Ct. Case No. 17CR321, Dec. 1, 2017, 1 ¶ 2.

7

**First Claim for Relief**
**(Negligence-Legal Malpractice)**

45.     Giro repeats and realleges all prior paragraphs.

46.     As Giro's attorney, Moorhead owed Giro a duty of care to act with that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out the services for their clients.

47.     Moorhead breached the requisite duty of care owed to Giro by, *inter alia* and including without limitation:

   a.   Failing to keep himself or Giro informed about the Boulder district attorney's issuance of the Warrant.

   b.   Failing to keep himself or Giro informed about the Boulder district attorney's decision to pursue charges against Giro.

   c.   Wrongly informing Giro that Boulder's district attorney had decided to *not* pursue charges against him, when, in fact, Boulder's district attorney had issued the Warrant to arrest Giro.

   d.   Failing to inform Giro of the Warrant after Moorhead's receipt of the CUPD Documents documented the Warrant's issuance and existence.

   e.   Failure to forward the CUPD Documents to Giro, which would have disclosed the Warrant's issuance and existence to Giro.

48.     The Moorhead Law Group is vicariously liable for the negligence of David Moorhead and any attorney who was affiliated with, employed by, or practiced law through or with the Moorhead Law Group.

49. Giro has been damaged by Moorhead's negligence in an amount that Giro will prove at trial, which in no event is less than $75,000.

**Second Claim for Relief**
**(Breach of Contract)**

50. Giro repeats and realleges all prior paragraphs.

51. Moorhead contracted with Giro to represent him with respect to the sexual assault that Giro was alleged to have committed.

52. A central objective of Moorhead's representation of Giro was to persuade Boulder's District Attorney to not pursue criminal charges against Giro.

53. Moorhead breached the contract with Giro by, *inter alia*, failing to (a) inform Giro about the Boulder District Attorney's issuance of the Warrant and decision to pursue charges against Giro; (b) keep sufficiently informed regarding the matters for which Giro retained Moorhead to represent him to know that the Warrant was issued and that the Boulder District Attorney was pursuing criminal charges against Giro; (c) falsely informing Giro that the Boulder District Attorney ha decided not to pursue criminal charges against Giro, when, in fact, the Boulder District Attorney had issued the Warrant to seek Giro's arrest; an failing to provide the CUPD Documents to Giro.

54. Giro has been damaged by Moorhead's breach in an amount that Giro will prove at trial.

FOR THESE REASONS, the Court should enter judgment in favor of Giro and jointly and severally against David Moorhead and the Moorhead Law Group for all damages and disgorgement of fees authorized by law in an amount to be proven at trial (but in no case

less than $75,000); award Giro all costs, and pre-judgment and post-judgment interest authorized by law; and also award Giro all such further relief as is just, proper, or appropriate.

## JURY DEMAND

Giro demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of November 2019,

                                        KLENDA LEGAL LLC

By:     *s/ Steven A. Klenda*
Steven A. Klenda
Scott E. Gessler
sklenda@klendagesslerblue.com
1624 Market St., Ste. 202
Denver, CO  80202
Phone:  (720) 432-5705

Attorneys for Plaintiff

Plaintiff's Address:
    1043 Oberland Drive
    Midway, UT  84049

Respectfully submitted this _____ day of May 2019,

KLENDA GESSLER & BLUE LLC

By: _____*s/ Steven A. Klenda*_____
Steven A. Klenda
Scott E. Gessler
sklenda@klendagesslerblue.com
1624 Market St., Ste. 202
Denver, CO  80202
Phone:  (720) 432-5705

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May ___, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Ashley Hernandez-Schlagel
Marni Nathan Kloster
Nathan Dumm & Mayer P.C.
7900 E. Union Ave., Suite 600
Denver, CO 80237

_____*s/Joanna Bila*_____
Joanna Bila, Paralegal